1

2

3

4

UNITED STATES DISTRICT COURT

5

NORTHERN DISTRICT OF CALIFORNIA

6

| | |
|---|---|
| GIOVANNI MIMS,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>AMLI MANAGEMENT COMPANY, et al.,<br><br>　　　　　Defendants. | Case No.　20-cv-01715-WHO<br><br>**ORDER GRANTING MOTION TO TRANSFER VENUE**<br><br>Re: Dkt. No. 17 |

United States District Court
Northern District of California

　　　Giovanni Mims brings multiple claims arising out of his employment termination with

AMLI Management Company, AMLI Residential Partners, LLC, and AMLI Residential

Properties, L.P. (collectively "AMLI").  AMLI removed this lawsuit from Alameda County

Superior Court and now moves to transfer it to the Central District of California under 28 U.S.C. §

1404(a), for the convenience of the parties and witnesses and the interest of justice and

alternatively under the venue provisions of the Fair Employment and Housing Act ("FEHA").

Mims did not oppose the motion, and all available information points to the Central District as the

appropriate venue for this case.  There is no need for a hearing on the issues raised, and so I

VACATE the motion hearing scheduled for May 27, 2020.  For the reasons set forth below,

AMLI's motion to transfer is GRANTED.

## BACKGROUND

　　　Mims was hired by AMLI to work as a leasing consultant for the Denver branch of their

operations in February 2018.  Notice of Removal, Ex. A Complaint ("Compl.") [Dkt. No. 1] ¶ 10.

In January 2019, he was transferred to work for AMLI's California branch. *Id.* ¶ 11.  As part of his

job, he was instructed to identify and bring to the attention of his supervisors all possible health,

safety and maintenance issues at AMLI's properties.  *Id.* ¶ 12.  He alleges that he was retaliated

for doing so during the first month of his duties in California.[1]  *Id.* ¶ 13.  Specifically, he identified that the homes of tenants he oversaw were not properly clean, contained mold and mildew, had dirty carpets, and were not adequately and properly painted.  *Id.*

Mims' supervisor, Janet Vargas, became "extremely standoffish" with him upon hearing these complaints that it became apparent that she did not appreciate the fact he was raising these issues.  *Id.* ¶ 14.  In February 2019, Mims decided to report these issues to the person directly above Vargas in chain of command, Rose Stolo.  *Id.* ¶ 15.

Following Stolo's conversation with Vargas about the state of the apartments, Mims began receiving adverse employment actions against him, including no longer being considered for an assistant manager position.  *Id.* ¶ 16. Vargas eventually left the company and someone else was brought in to train for the assistant manager position that Mims was hoping to fill.  *Id.* ¶¶ 17, 18. Sometime between the end of May and the beginning of June 2019, Mims received a "stellar" performance review.  *Id.* ¶ 19.

In June 2019, Mims sought to move into one of AMLI's apartment units in Woodland Hills, California.  *Id.* ¶ 20.  Stolo approved Mims' request to move into the apartment a few days early so that he did not have to take a day off work to do so.  *Id.*  Shortly after, Mims was informed that he was being terminated for "gross misconduct", citing to the fact he had moved into the apartment a few days early.  *Id.*  ¶ 21.  He alleges that he was not provided any reason for his termination outside of the fact that he moved into the apartment early.  *Id.*

Based on these alleged facts, Mims brings the following six causes of action: (i) retaliation; (ii) failure to prevent retaliation; (iii) intentional infliction of emotional distress; (iv) wrongful termination in violation of public policy; (v) violation of California Labor Code section 1102.5; and (vi) violation of California's Unfair Compensation Law ("UCL") pursuant to California Business & Professions Code section 17200.

On March 10, 2020, AMLI removed this case from Alameda County Superior Court.

---

[1] Remarkably, the Complaint does not allege where in California Mims worked or was terminated. However, AMLI provides evidence in its motion to transfer, discussed later, that Mims worked in its facilities in Woodland Hills and that his interactions with AMLI's supervisors took place in or near Los Angeles County.  MTT 7.

United States District Court
Northern District of California

Notice of Removal [Dkt. No. 1].  It now seeks to transfer this case to the Central District of California.  *See* Memorandum of Points and Authorities in Support of Defendants AMLI Management Company, et al.'s Motion to Transfer Venue Under 28 U.S.C. § 1404(a) and the Fair Employment and Housing Act ("MTT") [Dkt. No. 17-1].  Mims failed to file an opposition, which was due on May 6, 2020.[2]

## LEGAL STANDARD

Provided that the action might have been brought in the transferee court, a court may transfer an action to another district: (1) for the convenience of the parties, (2) for the convenience of the witnesses, and (3) in the interest of justice.  28 U.S.C. § 1404(a); *Lee v. Lockheed Martin Corp.*, No. 03-cv-1533-SI, 2003 WL 22159053, at *1 (N.D. Cal. Sept. 16, 2003).  The Ninth Circuit requires that courts consider a variety of factors in determining whether to transfer an action.  *See Jones v. GNC Franchising, Inc.*, 211 F.3d 495, 498 (9th Cir. 2000); *Decker Coal Co. v. Commonwealth Edison Co.*, 805 F.2d 834, 843 (9th Cir. 1986). The relevant factors are:

> (1) plaintiff's choice of forum, (2) convenience of the parties, (3) convenience of the witnesses, (4) ease of access to the evidence, (5) familiarity of each forum with the applicable law, (6) feasibility of consolidation of other claims, (7) any local interest in the controversy, and (8) the relative court congestion and time of trial in each forum.

*Barnes & Noble v. LSI Corp.*, 823 F. Supp. 2d 980, 993 (N.D. Cal. 2011).  The burden is on the party seeking transfer to show that when these factors are applied, the balance of convenience clearly favors transfer.  *Commodity Futures Trading Comm'n v. Savage*, 611 F.2d 270, 279 (9th Cir. 1979).  It is not enough for a defendant to merely show that it prefers another forum, and transfer will also not be allowed if the result is merely to shift the inconvenience from one party to another.  *Van Dusen v. Barrack*, 376 U.S. 612, 645-46 (1964).

## DISCUSSION

This case could have been brought in the Central District of California because a substantial part of the events or omissions giving rise to Mims' claims occurred in counties within the Central District.  Although Mims does not clearly specify where in California he was

United States District Court
Northern District of California

---

[2] It appears that Mims is aware of the pending motion to transfer given that his counsel has been actively filing in this case.  His counsel filed a notice declining magistrate jurisdiction five days after AMLI filed this motion.

transferred to from AMLI's Denver office or which of AMLI's California apartments he oversaw as a leasing consultant, he does allege that he sought to move in to AMLI's apartments in Woodland Hills, which ultimately led to his termination as a leasing consultant.  Compl. ¶ 20.  AMLI contends that Mims worked in its facilities in Woodland Hills and that his interactions with AMLI's supervisors took place in or near Los Angeles County.  MTT 7.  Accordingly, his alleged protected activities, alleged wrongful termination, and alleged adverse actions all occurred in the Central District and venue would be proper there.

Application of section 1404(a) factors to the circumstances of this case shows that transfer to the Central District is appropriate because it will serve the convenience of the parties and witnesses and promote the interests of justice.  AMLI asserts that Mims was employed in its office located in the Central District and that it does not have any office, facility, or residence in any county within the Northern District of California.  MTT 7.  The key witnesses in this case, including Vargas and Stolo, reside in or near the Central District.  *Id.* at 6-7.  All pertinent employment agreements were either executed in Denver, Colorado or in Woodland Hills, California.  *See* Declaration of Martha Arteaga in Support of Motion to Tranfer ("Arteaga Decl.") [Dkt. No. 17-2] ¶ 18.

The apartment that is the subject of Mims' termination from employment – where he purportedly moved in earlier than authorized – is also located in Los Angeles County.  Compl. ¶ 20.  Although not clearly specified in the Complaint, AMLI contends that the residential facility where Mims worked as a leasing consultant is located in Los Angeles County.  As such, it asserts that Mims' personnel files, employment agreements, lease agreement, disciplinary notices, performance reviews, and emails involving Mims and AMLI's witnesses are located in the Central District.  Arteaga Decl. ¶ 19.

Deference to Mims' choice of forum is "substantially diminished" because it appears he is not a resident of this District and the conduct giving rise to his claims did not occur here.  *See Park v. Dole Fresh Vegetables, Inc.*, 964 F. Supp. 2d 1088, 1094 (N.D. Cal. 2013).  The Complaint omits any mention of the county where Mims presently resides and instead simply states that he is "an individual residing in the State of California."  Compl. ¶ 1.  But according to

1   AMLI, Mims lived in the Central District, not the Northern District, during his employment and

2   his last known address as of the date of his termination is in the Central District.  MTT 8; Arteaga

3   Decl. ¶ 17.  Mims does not contest any of this as he has failed to file an opposition. [3]

4        Venue is proper in the Central District under FEHA's venue provision too.  Under FEHA,

5   "[a]n action may be brought in any county in the state in which the unlawful practice is alleged to

6   have been committed, in the county in which the records relevant to the practice are maintained

7   and administered, or in the county in which the aggrieved person would have worked or would

8   have had access to the public accommodation but for the alleged unlawful practice, but if the

9   defendant is not found within any of these counties, an action may be brought within the county of

10   the defendant's residence or principal office."  Cal. Gov. Code § 12965(b).  As explained above,

11   the unlawful practices alleged to have been committed took place in Los Angeles County, the

12   records relevant to the practice are maintained and administered in or near either Los Angeles

13   County, and Mims would have worked in Los Angeles County had he continued to be employed.

14   **CONCLUSION**

15        AMLI's motion to transfer to the Central District of California is GRANTED.

16        **IT IS SO ORDERED.**

17   Dated: May 18, 2020

18

19

20   William H. Orrick
    United States District Judge

21

22

23

24

25

26   _____

27   [3] The only neutral factor here is that both the Central and Northern Districts are equally familiar with the governing law, *i.e.*, the FEHA (first and second claims); intentional infliction of emotional distress (third claim); wrongful termination in violation of public policy (fourth claim);

28   violation of Labor Code Section 1102.5 (fifth claim), and unfair business practices (sixth claim).